IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

GPS INDUSTRIES, LLC,

        Plaintiff,

vs.                                              CASE NO.

BRIAN K. LEWIS,

        Defendant.
_____/

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, GPS INDUSTRIES, LLC, by and through its undersigned counsel, files this Complaint for Injunctive Relief against Defendant, BRIAN K. LEWIS, based on the following grounds:

## NATURE OF THE ACTION

1. This is an action by GPS Industries, LLC [GPSI] against Defendant Lewis [Lewis] for violations of his Non-competition Agreement ("intellectual property, non-compete and non-disclosure agreement for employees") and to seek damages and injunctive relief.

## THE PARTIES

2. GPSI is a limited liability company existing under the laws of the State of Delaware with its principle place of business located in Sarasota County, Sarasota.

3. Plaintiff is the leading entity in the golf cart mounted GPS systems industry on a global level, with systems deployed in nearly one-thousand courses, predominantly in North America and Europe.

4. Defendant Lewis is an individual who, upon information and belief, resides at 3863 E. Saw Tooth Drive, Chandler, Arizona 85249. Defendant Lewis was

formally deployed by GPS Industries and is currently employed by FOC Financial, a direct competitor of GPS Industries.

## JURISDICTION AND VENUE

5. The Twelfth Judicial Circuit in and for Sarasota County, Florida has jurisdiction over this matter for injunctive relief and/or damages in excess of $15,000.00, exclusive of interest, costs, and attorneys' fees.

6. Jurisdiction is appropriate pursuant to F.S. 48.193 as defendant has operated, conducted, and engaged in an ongoing business venture in Florida and has engaged in substantial activity within Florida, to include business meetings in Florida from November 5-7, 2009, transmission of information from the headquarters in Sarasota to Defendant and frequent, specific and direct supervision over Defendant by the Sarasota headquarters, to include transfer of confidential and proprietary information.

7. Venue is proper in Sarasota County pursuant to agreement of the parties.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff GPSI was created by combining two former companies, ProLink Systems, Inc., and GPS Industries.

9. Defendant Lewis began his employment with ProLink on or about March 5, 2001 as an account manager in the Arizona office.

10. On October 14, 2009, Defendant was hired as the Customer Support Center Manager of the newly formed company, GPS Industries, LLC.

11. Through his training and experience with ProLink and his position as call center manager, Defendant was responsible for the call center support of all GPSI

equipment installed on customer courses and supervision of all of the technicians assigned to such support.

12. During the course of Defendant's employment with GPSI, Defendant was provided with extensive confidential information regarding GPSI's business affairs, customers, products, sales, support, and pricing.

13. On November 16, 2009, Defendant resigned his position with GPSI to accept employment with a competitor of GPSI, namely FOC Financial. Defendant's last day of work for GPSI was November 18, 2009. See **Exhibit "B"**, Defendant's resignation.

14. In Defendant's exit interview from GPSI, conducted on November 18, 2009, Defendant acknowledged that he had begun working for FOC Financial providing service to the golf courses in regards to their GPS golf cart equipment.

15. Through Defendant's work at FOC Financial, he is supporting courses that GPSI had previously bid to support under its standard fees. Rather than FOC Financial paying GPSI to support its courses, Defendant Lewis is leveraging the human capital provided to him by GPSI to compete with GPSI and take business away that was bid on by GPSI.

16. Through Defendant's work at FOC Financial, Defendant is using the proprietary and confidential knowledge he gained to directly compete with GPSI and take away service and support dollars.

17. Defendant's actions of directly competing with Plaintiff are unlawful, as Defendant has signed and executed Exhibit "A" on 10/16/09, in consideration of his employment or continued employment with GPSI.

18. Paragraph 2 of the agreement exclusively states, in part:

> Non-disclosure of information. The Employee shall not during employment and for a period of five years after termination of employment, directly or indirectly, reveal, report, publish or disclose any trade secret information, or allow any trade secret information to be disclosed, to any person or entity, for any reason or purpose whatsoever, without the express written consent of the Company. In addition, the employee will not accept any employment or other business relationship which would, by the nature of the position, inherently involve the use or inevitable disclosure of the information.

19. Paragraph 7 of the agreement states, in part:

> Upon the termination of the Employee's employment relationship with Company and for a period of 12 months thereafter, irrespective of the time, manner or method of such termination, the Employee shall not...directly or indirectly, consult with, render services to, or otherwise participate or attempt to participate in any manner in a business or entity which competes with the Company, as such activities would necessarily harm the protectable business interests of the Company.

20. The covenants contained in the agreement are reasonably necessary to protect GPSI's legitimate business interests, including substantial relationship with its existing and perspective customers.

21. Defendant acknowledges in the agreement that the restraints imposed by the agreement are necessary "to insure its own methods, processes, confidential information, inventions, and improvements are not use to the company's detriment in the future." See Exhibit "A", paragraph B.

22. Because GPSI's customer relationships, built and fostered over time at considerable expense to GPSI, are essential to its success in the GPS Industry, Defendant must be enjoined from unfairly soliciting the client's of Plaintiff and/or competing against Plaintiff.

23. Only through the issuance of an injunction can Defendant be prevented from unlawfully competing with GPSI to the severe detriment of the company.

24. Defendant's unlawful acts, in direct and knowing violation of the agreement that he had signed in consideration of his employment at GPSI, have cause, and will continue to cause, irreparable damage to the company and its close customer business relationships.

## COUNT I
## BREACH OF AGREEMENT

25. Plaintiff repeats and re-alleges the foregoing paragraphs of this Complaint as set forth at lengths herein.

26. Defendant signed and executed an agreement in consideration of his employment at GPSI, containing non-disclosure, non-solicitation and non-compete provisions.

27. That agreement served GPSI's legitimate business interests in safeguarding against unfair competition and interference with its well-established customer relationships.

28. The restraints imposed by the provisions of the agreement are reasonable and narrowly tailored to protect GPSI's legitimate interests.

29. The restraints imposed by the provisions of the agreement are consistent with applicable public policy.

30. Defendant, by directly competing with the Plaintiff, has breached the agreement he has with GPSI.

31. As a proximate cause of Defendant's unlawful conduct as described above, Plaintiff has suffered damages that cannot be reasonable ascertained at present.

32. Unless restrained by this court, Defendant shall continue his unlawful actions and Plaintiff will thus continue to be irreparably harmed.

33. GPSI has no adequate remedy at law and is, therefore, entitled to an injunction in joining Defendant from further unlawful acts.

34. Defendant's actions are intentional, willful, wanton, reckless, and calculated to harm GPSI in its business affairs.

## PRAYER FOR INJUNCTIVE RELIEF AND DAMAGES

WHEREFORE Plaintiff, GPSI requests that this court enter judgment against Defendant for:

a. A preliminary and permanent injunction prohibiting Defendant from engaging in, or having a financial interest in any business which competes directly or indirectly with GPSI's business in violation of the agreement signed and executed by Defendant in consideration of his employment with GPSI;

b. A preliminary and permanent injunction prohibiting Defendant from soliciting the clients of Plaintiff in violation of the agreement signed and executed by Defendant in consideration of his employment at GPSI;

c. A preliminary and permanent injunction prohibiting Defendant from soliciting Plaintiff's employees for any purpose including, but not limited to, encouraging Plaintiff's employees to terminate their employment relationship with GPSI or to otherwise engage in disloyal acts toward Plaintiff; and

d. A preliminary and permanent injunction compelling Defendant to comply with all other terms and conditions of the agreement, Exhibit "A".

e. An award of compensatory and punitive damages for all harm suffered;

f. An award of attorneys' fees and costs; and

g. Any other further relief this court deems just and proper.

Benjamin Porter
President, GPSI

STATE OF FLORIDA

COUNTY OF SARASOTA

The foregoing instrument was acknowledged before me this 24th day of November, 2009 by Benjamin Porter [✓] who is personally known to me or [ ] who has produced as identification and who affirms under penalty of perjury the foregoing information is personally known and is true.

NOTARY PUBLIC

Angie Crosby Hammond
PRINTED NAME OF NOTARY

ANGIE CROSBY HAMMOND
MY COMMISSION # DD768197
EXPIRES March 12, 2012

My Commission Expires:

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and accurate copy of the foregoing has been sent to Plaintiff by registered mail at 3863 E. Saw Tooth Drive, Chandler, Arizona 85249 this 23rd day of November, 2009.

DICKINSON & GIBBONS, P.A.

By: _____
ELIZABETH D. MONEYMAKER, ESQ.
401 N. Cattlemen Rd., Suite 300
Sarasota, Florida 34232
Telephone: (941) 552-4618
Facsimile: (941) 953-3136
Florida Bar No.: 885851
Attorney for Plaintiff
emoneymaker@dglawyers.com