Kevin F. Sanderson, Esq.
Kevin F. Sanderson, Chartered
1620 Main St., Suite 6
Sarasota, Florida 34236
Telephone: (941) 364.9900
Fax: (941) 364.9901
Email: kevin@srqattorney.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| GPS INDUSTRIES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN K. LEWIS<br><br>Defendant. | Case No. 8:09 CV 2507-T 17 MAP<br><br>**VERIFIED ANSWER TO VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** |

The Defendant, Brian K. Lewis ("the Defendant" or "Lewis"), by his undersigned attorney, and for his "Verified Answer to Plaintiff's Verified Complaint for Injunctive Relief" (the "Complaint") of the Plaintiff GPS Industries, LLC ("GPSI" or "Plaintiff") being first duly sworn upon his oath, according to law, answers, deposes and says that:

## NATURE OF THE ACTION

1. Defendant admits the allegations of ¶ 1 of the Complaint about the nature of this case, but denies, for the reasons set forth in this Answer, that he is liable to the Plaintiff.

## THE PARTIES

2. Upon information and belief, Defendant admits the allegations of ¶ 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations of ¶ 3 of the Complaint.

4. Defendant admits the allegations of the first sentence of ¶ 4 of the Complaint. With regard to the second sentence of ¶ 4 of the Complaint, Defendant admits that he was formerly employed by GPSI but Defendant denies the remaining allegations of the second sentence of ¶ 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant objects to the allegations made in ¶ 5 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in ¶ 5 of the Complaint.

6. Defendant objects to the allegations made in ¶ 6 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations made in ¶ 6 of the Complaint.

7. Defendant objects to the allegations made in ¶ 7 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 7 of the Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Defendant objects to the allegations made in ¶ 8 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in ¶ 8 of the Complaint.

9. Defendant admits that he went to work for ProLink Inc. in 2001, but denies the remaining allegations of ¶ 9 of the Complaint.

10. Defendant denies the allegations of ¶ 10 of the Complaint.

11. Defendant objects to the allegations made in ¶ 11 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations made in ¶ 11 of the Complaint.

12. Defendant objects to the allegations made in ¶ 12 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 12 of the Complaint.

13. Defendant admits the allegations made in the first sentence of ¶ 13 of the Complaint that on November 16, 2009, Defendant resigned his position with GPSI to accept employment with another company, but Defendant denies the remaining allegations of the first sentence ¶ 13 of the Complaint. Defendant denies the allegations made in

the second sentence of ¶ 13 of the Complaint. Defendant states that the comments in the third sentence of ¶ 13 of the Complaint fail to make an allegation against Defendant; however, Defendant admits that Exhibit B to the Complaint appears to be his letter of resignation.

14. Defendant denies the allegations of ¶ 14 of the Complaint.

15. Upon information and belief, Defendant denies the allegations of ¶ 15 of the Complaint.

16. Defendant denies the allegations of ¶ 16 of the Complaint.

17. Defendant objects to the allegations made in ¶ 17 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant admits the allegation of ¶ 17 of the Complaint that he signed Exhibit A, Defendant denies the remaining allegations of ¶ 17 of the Complaint.

18. Defendant objects to the allegations made in ¶ 18 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant admits the allegations of ¶ 18 of the Complaint that the quoted Paragraph appears in Exhibit A to the Complaint, but Defendant denies that Exhibit A to the Complaint is an agreement.

19. Defendant objects to the allegations made in ¶ 19 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant admits the allegations of ¶ 19 of the Complaint that the quoted Paragraph appears in Exhibit A to the Complaint, but Defendant denies that Exhibit A to the Complaint is an agreement.

20. Defendant objects to the allegations made in ¶ 20 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections, Defendant denies the allegations made in ¶ 20 of the Complaint.

21. Defendant objects to the allegations made in ¶ 21 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 21 of the Complaint.

22. Defendant objects to the allegations made in ¶ 22 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 22 of the Complaint.

23. Defendant objects to the allegations made in ¶ 23 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 23 of the Complaint.

24. Defendant objects to the allegations made in ¶ 24 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objection, Defendant denies the allegations of ¶ 24 of the Complaint.

## COUNT I
## BREACH OF AGREEMENT

25. Defendant restates his answers set forth above in ¶¶ 1-24 as if fully set forth.

26. Defendant objects to the allegations made in ¶ 26 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections, Defendant admits that he signed a document that appears to contain non-disclosure, non-solicitation and non-compete provisions but Defendant denies the remaining allegations of ¶ 26 of the Complaint. Defendant affirmatively alleges that the agreement referred to in ¶ 26 of the Complaint is not a valid agreement and is not enforceable against Defendant.

27. Defendant objects to the allegations made in ¶ 27 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections, Defendant denies the allegations made in ¶ 27 of the Complaint. Defendant affirmatively alleges that the agreement referred to in ¶ 27 of the Complaint is not a valid agreement and is not enforceable against Defendant.

28. Defendant objects to the allegations made in ¶ 28 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections, Defendant denies the allegations made in ¶ 28 of the Complaint.

29. Defendant objects to the allegations made in ¶ 29 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections,

| | | |
|---|---|---|
| 1 | | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in ¶ 29 of the Complaint. |
| 3 | 30. | Defendant denies the allegations of ¶ 30 of the Complaint. |
| 4 | 31. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in ¶ 31 of the Complaint. |
| 6 | 32. | Defendant denies the allegations of ¶ 32 of the Complaint. |
| 7 | 33. | Defendant denies the allegations of ¶ 33 of the Complaint. |
| 8 | 34. | Defendant objects to the allegations made in ¶ 34 of the Complaint as stating legal and factual conclusions rather than stating facts. Without waiving the objections, Defendant denies the allegations of ¶ 34 of the Complaint. |
| 10 | 35. | Defendant denies all of the allegations of the Complaint that are not specifically admitted. |

WHEREFORE, having fully answered the Complaint, Defendant requests that the Court enter judgment for Defendant on the Complaint denying the relief requested by the Plaintiff and barring the claims made by the Plaintiff and awarding Defendant his attorneys' fees and costs incurred in defending against the Complaint, and awarding Defendant such further and other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

36. Defendant alleges the following matters of avoidance and affirmative defense to the Complaint:

    a. This venue in this court is improper.

    b. The venue for this civil action should be transferred to the US District Court for the District of Arizona as that is the most convenient forum.

    c. Upon information and belief, this Court does not have subject matter jurisdiction over this case as Exhibit A to the Complaint provides that any dispute between GPSI and Lewis will be resolved by arbitration.

    d. Upon information and belief, the claim stated in the Complaint fails because of a failure of a condition precedent.

e. Upon information and belief, the claim stated in the Complaint fails because of a failure of a condition subsequent.

f. Upon information and belief, the forum selection clause in Exhibit A to the Complaint is unenforceable because (i) the forum selection clause is unreasonable, (ii) the forum selection clause was the result of overreaching by GPSI and (iii) enforcing the forum selection clause would not promote the interests of justice.

g. The injunction requested by GPSI in the Complaint should be denied as GPSI has, upon information and belief, an adequate remedy at law – damages.

h. The claim stated in the Complaint is barred because the parties did not have a meeting of the minds because the Plaintiff did not sign either document attached to the Complaint as Exhibit A to the Complaint.

i. The claim stated in the Complaint is barred because the parties did not agree on the essential elements of an agreement.

j. Upon information and belief, the claim stated in the Complaint is barred because the alleged contracts are unconscionable.

k. Upon information and belief, the claim stated in the Complaint is barred because the Plaintiff has a monopoly in the industry described by Plaintiff in the Complaint as golf cart mounted GPS systems.

l. Upon information and belief, the claim stated in the Complaint is barred because to enforce Exhibit A to the Complaint violates public policy as such enforcement would enhance the Plaintiff's monopoly in the industry described by Plaintiff in the Complaint as golf cart mounted GPS systems.

m. Upon information and belief, the claim stated in the Complaint is barred by a failure of consideration.

n. Upon information and belief, the claim stated in the Complaint is barred because of inadequate consideration.

o. Exhibit A to the Complaint is too vague and too broad to be enforceable.

p. Enforcing Exhibit A to the Complaint would be inequitable.

| | |
|---|---|
| q. | Upon information and belief, an injunction should be denied and Exhibit A to the Complaint should not be enforced because GPSI has unclean hands. |
| r. | Upon information and belief, the claim stated in the Complaint is barred by duress, including, without limitation, economic duress. |
| s. | The claim stated in the Complaint is barred by the illegal conduct of GPSI in that GPSI threatened to violate the law of the State of Arizona, the state where Defendant lived and worked, in order to bully the Defendant into executing Exhibit A to the Complaint. *See,* ARS § 23-350, *et seq*. |
| t. | Upon information and belief, the agreement alleged in the Complaint is not enforceable because is was induced by the fraud or the illegal conduct of GPSI. |
| u. | The claim stated in the Complaint fails to state a claim against the Defendant. |
| v. | Pursuant to the Federal Rules of Civil Procedure, Defendant reserves the right to raise any of the defenses contemplated by Rule 8, Federal Rules of Civil Procedure, as discovery and investigation reveal are appropriate. |
| w. | Some of Plaintiff's claims arise out of contract, entitling Defendant to recover his costs and attorneys' fees. |

WHEREFORE, having fully answered the Complaint and asserted affirmative defenses, Defendant requests that the Court enter judgment for Defendant on the Complaint denying the relief requested by the Plaintiff and barring the claims made by the Plaintiff and awarding Defendant his costs plus attorneys' fees incurred in defending against this Complaint, and awarding Defendant such further and other relief as the Court deems just and proper.

Respectfully submitted this 15th day of December, 2009.

Brian K. Lewis, Defendant

/s/ Kevin F. Sanderson
Kevin F. Sanderson
Attorney for Defendant

|   |                                                                                           |
|---|-------------------------------------------------------------------------------------------|
| 1 | **VERIFICATION BY DEFENDANT**                                                             |
| 2 |                                                                                           |
| 3 | STATE OF ARIZONA     )                                                                    |
| 4 |                      )                                                                    |
| 5 | County of Maricopa   )                                                                    |
| 6 | Brian K. Lewis being first duly sworn deposes and says:                                   |
| 7 | That I am the Defendant in the civil action captioned above. That I am competent          |
| 8 | witness and competent to make this Verification; that I have read the foregoing "Verified |
| 9 | Answer to Plaintiff's Verified Complaint for Injunctive Relief" and know the contents     |
| 10| thereof; and that the allegations contained therein are true of my own personal knowledge,|
| 11| except as to those matters stated upon information and belief, and as to those matters I  |
| 12| believe them to be true.                                                                  |
| 13| I declare under the penalty of perjury that the foregoing is true and correct.            |
| 14|                                                                                           |
| 15| _____<br>Brian K. Lewis                                         |
| 16|                                                                                           |
| 17| SUBSCRIBED AND SWORN to before me this  _15TH_  day of December, 2009.                    |
| 18| _____<br>Notary Public                                          |
| 19|                                                                                           |
| 20| My commission expires:                                                                    |
| 21| _May 20, 2011_                                                                            |
| 22|                                                                                           |

PATRICIA J. BRACKNEY
Notary Public, State of Arizona
Maricopa County
My Commission Expires
May 20, 2011

- 8 -

Original filed electronically via CM/ECF this 16th day of December, 2009, with:

Clerk of the Court
United States District Court
Middle District of Florida
801 North Florida Ave.
Tampa, Florida 33602

Served electronically via CM/ECF Notice of Electronic Filing and mailed/emailed to Plaintiff's counsel this 16th day of December, 2009, to:

Elizabeth D. Moneymaker, Esq.
401 N. Cattlemen Rd., Suite 300
Sarasota Florida, 34232
Attorneys for Plaintiff

/s/ Kevin F. Sanderson